UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER SIMAS, | ) | 1:04-CV-06551-AWI-TAG-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR STAY  (Doc. 8) |
| v. | ) | |
| | ) | ORDER FOR PETITIONER TO FILE |
| ROSANNE CAMPBELL, et al. | ) | STATUS REPORTS |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On November 5, 2004, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California.  (Doc. 1).  The petition contained the following two grounds for relief: (1) The trial court misinstructed the jury about how it should consider the evidence of a prior sexual offense against the victim, which was introduced at trial as a prior "bad act," and (2) the trial court committed prejudicial error and denied Petitioner due process of law when it admitted the evidence of the prior "bad act."  (Doc. 1, p. 5.)   Because it was unclear from the petition whether the two issues were completely exhausted, on February 24, 2005 the Court issued an order to Petitioner to file an amended petition describing the efforts made by Petitioner to exhaust his state court remedies.  (Doc. 6).  On March 24, 2005, Petitioner filed an amended petition. (Doc. 7).

In that amended petition, however, Petitioner raised three new issues that apparently are unexhausted: (1) illegal imposition of the aggravated term in violation of Blakely v. Washington,

542 U.S. 296 (2004), ineffective assistance of trial counsel in failing to object to the prosecution's

request that a witness be permitted to hold a stuffed animal while testifying, and (3) misconduct of

the trial court in questioning a witness and acting as an advocate for the prosecution.   (Doc. 7).

Also on March 24, 2005, Petitioner filed a motion to stay the instant habeas proceedings.

(Doc. 8).  In that motion, Petitioner indicated that he wished to file a habeas petition in the California

Supreme Court in an effort to exhaust "all issued raised herein that were not brought up on direct

appeal." (Id. at p. 2).   Petitioner also noted the hardship that might result from an outright dismissal

of his "mixed" petition in light of the one-year statute of limitations contained in 28 U.S.C.

§ 2244(d)(1).  (Id.).  Subsequently, on April 18, 2005, Petitioner sent a letter to the Court pointing

out Rhines v. Weber, - - - U.S.- - -, 125 S.Ct. 1528 (2005), the Supreme Court's recent decision

authorizing the issuance of a "stay" of a mixed petition under limited circumstances.  (Doc. 9).  Also

in that letter, Petitioner indicated that, on March 21, 2005, he had filed a state habeas petition in the

California Supreme Court case no. S132340, raising "every issue herein except those already

exhausted."  (Id.).

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly

consider on the merits.  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th

Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997), cert. denied, 519 U.S. 1002

(1997).  However, the Ninth Circuit has held that Taylor in no way granted "district courts carte

blanche to stay even fully exhausted habeas petitions."  Taylor, 134 F.3d at 988 n. 11.  Granting a

stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in

order to avoid piecemeal litigation.  Id.  In addition, the Ninth Circuit has indicated that it is proper

for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance

in order to permit the petitioner to return to state court to exhaust his state remedies.  Kelly v. Small,

315 F.3d 1063, 1070 (9th Cir. 2003); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the

Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy,

1    455 U.S. 509 (1982).  However, on March 30, 2005, the United States Supreme Court decided

2    Rhines v. Weber, - - -U.S.- - -, 125 S.Ct. 1528 (2005).   Recognizing that "[a]s a result of the

3    interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement,

4    petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their

5    opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal

6    courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to

7    exhaust unexhausted claims before proceeding with their federal petitions.  Rhines, 125 S.Ct. at

8    1533-1534.

9         In so holding, the Supreme Court noted that, while the procedure should be "available only

10   in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay

11   and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his

12   unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged

13   in intentionally dilatory litigation tactics." Rhines, 125 S.Ct. at 1535.  When a petitioner has met

14   these requirements, his interest in obtaining federal review of his claims outweighs the competing

15   interests in finality and speedy resolution of federal petitions.  Id.

16        Here, Petitioner has timely filed a federal habeas petition containing two exhausted claims

17   and three unexhausted claims.  He promptly initiated state court habeas proceedings to exhaust the

18   three unexhausted claims.  In his motion for a stay, Petitioner indicated that his state habeas petition

19   was filed on March 21, 2005, and is still pending in the California Supreme Court.  (Doc. 9).

20        Thus, it appears to the Court that Petitioner is attempting to exhaust his claims in a timely

21   and expeditious manner; there is no indication that, in seeking this stay and abeyance, Petitioner

22   intends to harass or delay the proceedings, nor does it appear that Petitioner is engaging in dilatory

23   conduct.  Indeed, according to Petitioner, at the time he filed his original petition, Petitioner was

24   unaware that the Blakely issue had already been presented to the California Court of Appeal in a

25   state habeas petition filed by his former appellate counsel. From the foregoing, it appears that good

26   cause existed for Petitioner's failure to exhaust all claims prior to filing the instant petition, that

27

28        [1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

1    Petitioner is proceeding in good faith, that no prejudice would inure to the parties by granting the

2    requested stay, and that an outright dismissal of the instant "mixed" petition might well jeopardize

3    Petitioner's access to this Court because of the AEDPA's one-year statute of limitations.

4    Therefore, the Court will grant Petitioner's motion for a stay of the proceedings and will

5    hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state

6    remedies in California Supreme Court case no. S132340.

7    However, the Court will not indefinitely hold the petition in abeyance. See Taylor, 134

8    F.3d at 988 n. 11.  No later than **thirty (30) days** after the date of service of this Order, Petitioner

9    must inform the Court of the status of the habeas proceedings in state court, including the date or

10   dates of all habeas corpus cases filed in state court, the case numbers, and any outcomes.[2]  Further,

11   Petitioner must proceed diligently to pursue his state court remedies, and every **sixty (60) days** after

12   the filing of the initial status report Petitioner must file a *new* status report regarding the status of his

13   state court habeas corpus proceedings.  Following final action by the state courts, Petitioner will be

14   allowed **thirty (30) days** within which to notify the Court that all of his claims are exhausted and to

15   provide the Court with documentation to that effect, including a copy of the decision of the

16   California Supreme Court in case no. S132340.  Failure to comply with these instructions and time

17   allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order.  Kelly,

18   315 F.3d at 1071.

19                                    **ORDER**

20   For the foregoing reasons, IT IS HEREBY ORDERED that:

21   1.  Petitioner's Motion to Stay Amended Petition to Exhaust State Habeas Corpus

22   Remedies (Doc. 8), is GRANTED;

23   2.  Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's

24   state remedies in California Supreme Court case no. S132340;

25   3.  Petitioner is DIRECTED to file a status report within thirty (30) days of the date of

26   service of this order, advising the Court of the status of all pending habeas proceedings

27

28   [2]The filing should be entitled "Status Report."

**4**

filed in state court, the dates when such cases were filed, the issues raised, and any outcomes;

4.  Petitioner is DIRECTED to file a new status report every sixty (60) days after the filing of the initial status report;

5.  Petitioner is GRANTED thirty (30) days following the final order of the state courts within which to notify the Court that all of his claims are fully exhausted and to provide the Court with documentation to substantiate that all of his claims are exhausted.

IT IS SO ORDERED.

**Dated:    September 29, 2005**            **/s/ Theresa A. Goldner**
j6eb3d                                      UNITED STATES MAGISTRATE JUDGE