UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SIMAS,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>ROSANNE CAMPBELL, et al.<br><br>　　　　Respondents. | 1:04-cv-06551-AWI-TAG-HC<br><br>ORDER TO SHOW CAUSE WHY STAY SHOULD NOT BE VACATED FOR FAILURE TO FILE STATUS REPORT (Doc. 10)<br><br>ORDER DIRECTING THAT WRITTEN RESPONSE BE FILED WITHIN THIRTY DAYS |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

　　　　On November 5, 2004, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California.  (Doc. 1).  On March 24, 2005, pursuant to an order of the Court, Petitioner filed an amended petition.  (Doc. 7).

　　　　Also on March 24, 2005, Petitioner filed a motion to stay the instant habeas proceedings in order to exhaust his state court remedies.  (Doc. 8).  On October 3, 2005, the Court granted Petitioner's motion for stay of proceedings.  (Doc. 10).  In that order, the Court specified that Petitioner <u>must file regular status reports</u> concerning his efforts to exhaust state court remedies.  (<u>Id.</u>).  Petitioner was ordered to file his first status report within thirty days and to file regular status reports every sixty days thereafter.  (<u>Id.</u>).  Petitioner was cautioned that failure to file regular status reports would result in the Court vacating the stay *nunc pro tunc* to October 3, 2005.  (<u>Id.</u>).

1

Petitioner duly filed his first status report on October 14, 2005. (Doc. 11). However, thereafter, Petitioner failed to file any further status reports as required by the Court's October 3, 2005 order. Accordingly, the Court issued its first Order to Show Cause why the petition should not be dismissed for failure by Petitioner to follow the Court's orders. (Doc. 12). Petitioner responded immediately to the Court's order, submitting status reports on January 19, 2006, January 25, 2006, and February 8, 2006. (Docs. 13, 14, & 15). However, thereafter Petitioner failed to file any status reports whatsoever.

On April 6, 2007, Petitioner filed a motion requesting a stay. (Doc. 16). The motion is unclear because the Court had already granted a stay in order for Petitioner to exhaust his state court remedies yet Petitioner had failed to regularly advise the Court of the status of his exhaustion efforts. Then, in April 2007, Petitioner requests "more time" in order to exhaust his claims. The Court is unsure whether Petitioner is advising the Court that his prior exhaustion efforts are still ongoing, or whether the April 6, 2007 motion represents and entirely new effort to exhaust claims that previously had not been raised in state court. If the former is true, Petitioner should label the motion a "Status Report" and continue to regularly advise the Court of his efforts. If the latter, then Petitioner should file a separate motion explaining why he has waited until now to <u>begin</u> exhausting claims not previously raised.

It appears to the Court either that Petitioner is unwilling to comply with the Court's orders regarding Status Reports or else that he is attempting to delay these proceedings by periodically raising new claims that require exhaustion. In either event, Petitioner must submit a Response to the Order to Show Cause that is satisfactory to the Court or the Court <u>will</u> issue an Order lifting the Stay and requiring that the parties proceed with the case as currently postured.

### ORDER TO SHOW CAUSE

Accordingly, IT IS HEREBY ORDERED that, within thirty (30) days of the date of service of this order, Petitioner must file a response to this order showing cause why the Court should not vacate the stay *nunc pro tunc* to October 3, 2005 (Doc. 10), and permit the case to

proceed due to Petitioner's failure to comply with the order of the Court that he provide status reports concerning his efforts to exhaust state court remedies.

IT IS SO ORDERED.

Dated:   **August 29, 2007**                              /s/ **Theresa A. Goldner**
                                                          UNITED STATES MAGISTRATE JUDGE