UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SIMAS,<br><br>    Petitioner,<br><br>    v.<br><br>ROSANNE CAMPBELL, et al.<br><br>    Respondents. | 1:04-cv-06551-AWI-TAG-HC<br><br>ORDER LIFTING STAY GRANTED ON OCTOBER 3, 2005  (Doc. 10)<br><br>ORDER DENYING PETITIONER'S MOTION FOR STAY OF PROCEEDINGS (Doc. 16)<br><br>ORDER VACATING ORDER TO SHOW CAUSE DATED JANUARY 9, 2006 (Doc. 12)<br><br>ORDER VACATING ORDER TO SHOW CAUSE DATED AUGUST 29, 2007 (Doc. 17) |

       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

       On November 5, 2004, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California.  (Doc. 1).  The petition contained the following two grounds for relief: (1) The trial court misinstructed the jury about how it should consider the evidence of a prior sexual offense against the victim, which was introduced at trial as a prior "bad act"; and (2) the trial court committed prejudicial error and denied Petitioner due process of law when it admitted the evidence of the prior "bad act".

1

1  (Doc. 1, p. 5.)   Because it was unclear from the petition whether the two issues were
2  completely exhausted, on February 24, 2005 the Court issued an order to Petitioner to file an
3  amended petition describing the efforts made by Petitioner to exhaust his state court remedies.
4  (Doc. 6).   On March 24, 2005, Petitioner filed an amended petition.  (Doc. 7).

5  In that amended petition, however, Petitioner raised three new issues that apparently
6  were unexhausted: (1) illegal imposition of the aggravated term in violation of <u>Blakely v.</u>
7  <u>Washington</u>, 542 U.S. 296 (2004); ineffective assistance of trial counsel in failing to object to
8  the prosecution's request that a witness be permitted to hold a stuffed animal while testifying;
9  and (3) misconduct of the trial court in questioning a witness and acting as an advocate for the
10  prosecution.   (<u>Id.</u>).

11  Also on March 24, 2005, Petitioner filed a motion to stay the instant habeas
12  proceedings.  (Doc. 8).  In that motion, Petitioner indicated that he wished to file a habeas
13  petition in the California Supreme Court in an effort to exhaust "all issued raised herein that
14  were not brought up on direct appeal."  (<u>Id.</u> at p. 2).   Petitioner also noted the hardship that
15  might result from an outright dismissal of his "mixed" petition in light of the one-year statute
16  of limitations contained in 28 U.S.C. § 2244(d)(1).  (<u>Id.</u>).   On October 3, 2005, the Court
17  granted Petitioner's motion for a stay and held the proceedings in abeyance pending a decision
18  on Petitioner's state habeas petition by the California Supreme Court.  (Doc. 10).   In that order,
19  the Court made clear that Petitioner was to keep the Court apprised of the status of the pending
20  petition through status reports to be filed every sixty days until the petition was ruled upon.

21  Thereafter, Petitioner submitted just a single status report on October 14, 2005, thus
22  requiring the Court to issue an Order to Show Cause why the stay should not be lifted on
23  January 9, 2006.  (Doc. 12).  On January 19, 2006, January 25, 2006, and February 8, 2006,
24  Petitioner sent status reports to the Court, despite the Court's directive that reports be sent
25  every sixty days.  (Docs. 13, 14, & 15).

26  On April 6, 2007, Petitioner filed a motion for another stay, this time indicating that
27  he had several more issues he wished to file in the California Supreme Court.  (Doc. 16).   On
28

**2**

August 29, 2007, in light of the fact that Petitioner had failed to submit any further status reports, the Court issued another Order to Show Cause why the stay should not be lifted. (Doc. 17). On October 15, 2007, Petitioner filed a tardy status report indicating that he had filed a habeas petition in the California Supreme Court on June 28, 2007, raising the issues proposed in his second motion for stay, despite the fact that the Court had never granted a stay nor had Petitioner ever responded to the Court's Order to Show Cause. (Doc. 18).

In reviewing this matter, the Court has accessed the State of California's electronic court database, which indicates that Petitioner's original state habeas petition was denied by the California Supreme Court on February 22, 2006.

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2001); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269 (2005). Recognizing that "[a]s a result of the

interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 273-278.

In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 125 S.Ct. at 278. When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Id.

Here, Petitioner timely filed a federal habeas petition containing two exhausted claims and three unexhausted claims. He promptly initiated state court habeas proceedings to exhaust the three unexhausted claims. Based on what appeared to be Petitioner's diligence and good faith, the Court granted the first motion for stay and permitted Petitioner to exhaust his state court remedies so that all five issues in the amended petition could be addressed in these proceedings.

However, thereafter, Petitioner engaged in a pattern of intermittent and infrequent status reports, including his complete failure to advise the Court that the California Supreme Court had denied the very petition for which the original stay had been granted. In the October 3, 2005 order granting the original stay, the Court ordered Petitioner to notify the Court within thirty days of the date of decision by the California Supreme Court and to provide documentation of the decision in his notification. (Doc. 10, p. 5). To date, Petitioner has never

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

**4**

advised the Court of the California Supreme Court's decision, even though that decision was issued almost two years ago.  Nor has Petitioner ever responded to either of the Orders to Show Cause issued by the Court in response to Petitioner's own failure to timely file his status reports.

Subsequently, and without authorization from the Court, Petitioner filed a second petition in the California Supreme Court, seeking to exhaust new issues never before raised in this Court.  Now, Petitioner asks the Court to continue to stay proceedings while the petition raising those new issues remains pending.

At this juncture, it is difficult to conclude that Petitioner is acting in good faith or with any diligence in this matter.  Petitioner has failed to respond to lawful orders of the Court and he has failed to keep the Court informed as to the status of his petitions.   Indeed, it appears that he has used the Court's own ignorance of the status of his first petition in order to seek and obtain a second stay.  Re-weighing, in light of current circumstances, the various factors the Court is required to consider in deciding whether to stay proceedings pending exhaustion in state court, the Court has determined that Petitioner's interest in obtaining federal review of these new, unexhausted claims no longer outweighs the competing interests in finality and speedy resolution of federal petitions.  Rhines v. Weber, 544 U.S. at 277-279.

In light of the foregoing, the Court will lift the original stay and deny Petitioner's motion for a second stay.  The amended petition is already on file and it appears Petitioner has exhausted his remedies as to the three new claims in the amended petition.  Therefore, by separate order, the Court will order Respondent to file an answer to the amended petition.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The stay of proceedings imposed by Order of October 3, 2005 (Doc. 10), is LIFTED;

2. The Order to Show Cause issued on January 9, 2006 (Doc. 12), is VACATED;

///

      3.      The Order to Show Cause issued on August 29, 2007 (Doc. 17), is VACATED; and

      4.      Petitioner's motion for stay dated April 6, 2007 (Doc. 16), is DENIED.

IT IS SO ORDERED.

Dated: **January 18, 2008**                              /s/ **Theresa A. Goldner**
                                                         UNITED STATES MAGISTRATE JUDGE