# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER SIMAS, | ) | 1:04-cv-06551-AWI-TAG HC |
| Petitioner, | ) ) | |
| v. | ) ) ) | FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S MOTION TO VOLUNTARILY DISMISS AMENDED PETITION |
| ROSANNE CAMPBELL, Warden, et al., | ) ) | (Doc. 22) |
| Respondents. | ) ) ) | ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TEN COURT DAYS |

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**DISCUSSION**

On November 5, 2004, Petitioner filed his original petition in the Sacramento Division of this Court. (Doc. 1). On November 15, 2004, the case was transferred to the Fresno Division. (Doc. 2). On March 24, 2005, Petitioner filed an amended petition. (Doc. 7). On October 3, 2005, the Court granted Petitioner's motion to stay proceedings while he exhausted issues in state court. (Doc. 10). On January 18, 2008, the Court lifted the stay and ordered Respondent to file a response. (Docs. 19 & 21). On February 11, 2008, Petitioner filed the instant motion to voluntarily dismiss the amended petition. (Doc. 22). In that motion, Petitioner indicates that one of his state court petitions was granted and his sentence reduced from 16 years to 12 years; accordingly, he wishes to have the amended petition dismissed without prejudice. (Id.).

Subject to other provisions of law, a petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment.

Fed. R. Civ. P. 41(a).  Otherwise, an action shall not be dismissed except upon order of the court and upon such terms and conditions as the court deems proper.  Id.  Here, no answer or motion for summary judgment has been served or filed.  Therefore, the motion to voluntarily dismiss the amended petition is proper and should be granted.[1]

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that Petitioner's motion for voluntary dismissal (Doc. 22), be GRANTED and the amended petition for writ of habeas corpus (Doc. 7), be DISMISSED without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) court days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within five (5) court days (plus three days if served by mail) after service of the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 11, 2008**                               /s/ Theresa A. Goldner
                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner is forewarned that there is a one-year limitations period in which a federal petition for writ of habeas corpus must be filed. 28 U.S.C. § 2244(d)(1). In most cases, the one-year period begins to run at the conclusion of direct review. See id. The limitations period is tolled while a properly filed request for collateral review is pending in state court. 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S.167, 181-182, 121 S.Ct.2120 (2001).